UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN CERVANTES,<br><br>    Petitioner,<br><br>    v.<br><br>GREG LEWIS, Warden,<br><br>    Respondent. | Case No.: 1:11-cv-01596-JLT<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS DUE TO PETITIONER'S FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE THIS ACTION (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE THE CASE<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 7, 2011, Petitioner filed his written consent to the Magistrate Judge's jurisdiction for all purposes. (Doc. 7). On November 8, 2011, Respondent filed his written consent. (Doc. 9).

**PROCEDURAL HISTORY**

On September 23, 2011, Petitioner filed the instant habeas petition. (Doc. 1). On October 7, 2011, Petitioner filed a notice of change of address to Pelican Bay State Prison. (Doc. 8). On December 2, 2011, Respondent filed an Answer. (Doc. 10). On September 5, 2013, the Court issued an order requiring Petitioner to submit exhibits referred to in his petition. (Doc. 11). On September 13, 2013, the order sent by the Court to Petitioner was returned as "undeliverable, not at Pelican Bay

1

State Prison."  Petitioner never responded to the Court's September 5, 2013 order, nor has he ever filed a change of address form subsequent to the change of address notification filed on October 7, 2011.  Indeed, the latter document, filed just two weeks after the petition, was the last communication this Court has had with Petitioner, a period of well over two years.

Accordingly, on January 22, 2014, the Court issued an Order to Show Cause why the petition should not be dismissed for Petitioner's failure to comply with the Court's orders and for failure to prosecute this petition. (Doc. 12).  The Order to Show Cause set forth the above chronology and indicated that Petitioner should respond within thirty days.  The Order to Show Cause also emphasized that Petitioner's failure to comply with the Order to Show Cause by filing a timely response would result in an order of dismissal.   Despite the passage of over six weeks, Petitioner has not responded.  Indeed, the Order to Show Cause mailed to Petitioner's last known address was returned as "undeliverable, not at Pelican Bay."

## **DISCUSSION**

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since September 23, 2011.  The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's

order of January 22, 2014, expressly stated: "Petitioner's failure to comply with this Order to Show Cause and timely file a response will result in an order dismissing the petition and closing the case." (Doc. 12, p. 2). Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order. Therefore, the Court will dismiss the petition for failure to prosecute the case and failure to obey the Court's orders.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for failure to prosecute and failure to obey the Court's orders;
2. The Clerk of the Court is DIRECTED to enter judgment and close the case.
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **March 7, 2014**                     **/s/ Jennifer L. Thurston**
                                                               UNITED STATES MAGISTRATE JUDGE